UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00042-MOC-DSC

| | | |
|---|---|---|
| **CLEVELAND COUNTY DISTRICT COURT** <br> **STATE OF NORTH CAROLINA** <br> **CLEVELAND COUNTY DISTRICT** <br> **ATTORNEYS OFFICE** <br> **MECKLENBURG COUNTY POLICE** <br> **DEPARTMENT** <br> **CLEVELAND COUNTY CLERK OF COURT'S** <br> **OFFICE** <br> **NORTH CAROLINA HIGHWAY PATROL,** <br><br> Plaintiffs, <br><br> v. <br><br> **JAMES RAY WILSON** <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **ORDER** |

**THIS MATTER** is before the court on Mr. Wilson's Application to Proceed Without Prepayment of Fees and Affidavit (#2) and the Demand for Dismissal of the State Action (#3). The court has considered the affidavit, which shows that the movant is currently unemployed. The affidavit details Mr. Wilson's available financial resources, which asserts that the plaintiff has $2,500 in liquid assets and receives $750 in monthly social security benefits. Taking the affidavit as true, Mr. Wilson's annual income on social security alone would be $9,000. Review of the Health and Human Services Poverty Guidelines provides that for a household of one person, such income is well below the poverty level. *See* <u>https://aspe.hhs.gov/povertya-guidelines</u>. The court will <u>grant</u> the *in forma pauperis* motion and allow the filing of the Complaint without prepayment of the filing fee; however, process will not issue as it appears that the proposed action against state actors is patently frivolous.

# FINDINGS AND CONCLUSIONS

## I. Section 1915 Review

Pursuant to 28 U.S.C. § 1915(e)(2), a district court may dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. Id. A *pro se* plaintiff's allegations in a complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). *Pro se* filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir. 1994).

A complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where the claim describes "fantastic or delusional scenarios." Id. at 327–28. In conducting the frivolousness analysis, the Court of Appeals for the Fourth Circuit instructs that courts should "conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 257 (4th Cir.2004). The Nagy court held further that:

> [t]he overriding goal in policing in forma pauperis complaints is to ensure that the deferred payment mechanism of § 1915(b) does not subsidize suits that prepaid administrative costs would otherwise have deterred. In implementing that goal, district courts are at liberty to consider any factors that experience teaches bear on the question of frivolity.

Id. The Court of Appeals for the Fourth Circuit has held that:

> [t]he word 'frivolous' is inherently elastic and not susceptible to categorical definition.... The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim.

Nagy v. Fed. Med. Ctr. Butner, 376 F.3d 252, 256–57 (4th Cir. 2004) (some internal quotation marks omitted). Further, the appellate court has held that in making a frivolity determination, the court may "apply common sense." Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 954 (4th Cir. 1995). Review of the Complaint reveals that dismissal is appropriate as the Complaint violates Section 1951(e).

## II. Plaintiff's Contentions

The court has closely considered the allegations of the Complaint (#1), which are made against municipal and state officials. In particular, Mr. Wilson alleges that "the state of NC [is] attempting to collect a debt created under color of state law that is non applicable to consumer plaintiff." (#1-1). Reading all of these allegations in a light most favorable to plaintiff, it appears that he is attempting to assert that persons acting under color of state law interfered with his ability to exercise rights secured under federal law or the United States Constitution, which is a claim typically brought under 42 U.S.C. § 1983. The court notes that this case has been removed from state court.

## III. Discussion

In conducting a frivolousness analysis, the court is required to consider the totality of the

circumstances. Federal courts are courts of limited jurisdiction. The Eleventh Amendment expressly proscribes one aspect of that limited jurisdiction. Under the Eleventh Amendment to the United States Constitution, the State of North Carolina enjoys immunity from suit in federal court. See Amaram v. Virginia State Univ., 476 F. Supp. 2d 535, 540 (E.D. Va. 2007) aff'd, 261 F. App'x 552 (4th Cir. 2008) (noting that pursuant to the Eleventh Amendment, "federal courts must refrain from exercising jurisdiction over suits commenced by the citizen of a state brought against the state of the citizen's domicile.") (citing Hans v. Louisiana, 134 U.S. 1, 10 (1890)).

The instant suit is brought against the state and several state and local officials, including the state's attorney general, a judge, a district attorney, and a clerk, among several others. Generally, the Eleventh Amendment protects a State, State agencies, and State officials from suit in federal court by one of the State's citizens or the citizen of another state. California v. Deep Sea Research, 523 U.S. 491, 501 (1998). The Eleventh Amendment's sovereign immunity protection "extends also to state agents and state instrumentalities, or stated otherwise, to arms of the State and State officials." Cash v. Granville County Bd. of Educ., 242 F.3d 219, 222 (4th Cir. 2001) (citations and quotations omitted). Such is the case here. This is an action of a state resident against his state of residency for a matter best handled under the state system,[1] specifically the debts owed by a state's resident to that state.

As Mr. Wilson has removed a debt collection action that is more properly heard within state court, this matter will be remanded back to the state court system. The matter is deemed to be frivolous as the claims of the instant suit are non-justiciable in this court under the Eleventh Amendment.

---

[1] Mr. Wilson claims to have no residency or citizenship in any state. Complaint (#1) at 2. The attached exhibits indicate an address in Charlotte, NC. See Exhibit 2 (#1-2) at 1 & 8. Accordingly, the court will assume that Mr. Wilson is a resident of North Carolina.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) the Application to Proceed Without Prepayment of Fees or Costs (#2) is **GRANTED**, but process shall not issue; and

(2) the Complaint (#1), as pled, is deemed to be **FRIVOLOUS** as it is non-justiciable in this court under the Eleventh Amendment; and

(3) this matter is hereby **REMANDED** to state court.

**FURTHER, IT IS ORDERED** that the Demand for Dismissal (#3) is deemed to be **MOOT** as the matter will be remanded to the state court system.

Signed: February 6, 2017

Max O. Cogburn Jr
United States District Judge